NOT FOR PUBLICATION (Doc. Nos. 25, 26)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| ANN MARIE TALLEY, | |
| Plaintiff, | Civil No. 11-01180 (RBK/KMW) |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, et al. | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of the United States of America ("United States") to dismiss the complaint Anne Marie Talley ("Plaintiff") for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). The Metropolitan Life Insurance Company ("Metlife") also moves for summary judgment, pursuant to Federal Rule of Civil Procedure 56. Plaintiff alleges that she was wrongfully denied the proceeds of her deceased husband's life insurance policy due to the United States' negligent handling of his Designation of Beneficiary form. Plaintiff also alleges negligence by Metlife based on the insurer's prompt disbursement of the insurance proceeds, thus foreclosing the possibility of the rightful beneficiary receiving the funds. The United States argues, *inter alia*, that Plaintiff's negligence claims are not cognizable under the Federal Tort Claims Act ("FTCA") because Plaintiff has not identified a local law under which a private individual or entity could be held liable for the acts alleged in the complaint. Metlife joins the United States' motion and also

1

moves for summary judgment independently, arguing that there is no factual dispute regarding Metlife's role in the transaction. Because the Court finds that Plaintiff has not satisfied the "local law" requirement of the FTCA and there is no factual dispute involving Metlife, the United States and Metlife's motions are GRANTED. Plaintiff's FTCA claims against the United States are DISMISSED WITHOUT PREJUDICE.

I.   BACKGROUND

Walter E. Talley, III began working as a civilian employee of the United States Department of the Navy on January 21, 1981. United States' Statement of Material Facts Not in Dispute ("SUF"), ¶1. In 1992, Mr. Talley executed a Designation of Beneficiary Form for the Federal Employees' Life Insurance ("FEGLI") Program, which designated his son as the sole beneficiary of his life insurance policy. Id. at ¶3. On August 26, 2005, Mr. Talley married Plaintiff. In 2009, he sought to change three beneficiary forms relating to his benefits and pay as a federal employee. Id. at ¶6. Mr. Talley went to the Financial Management Office for the Norfolk Naval Shipyard Detachment, Naval Foundry and Propeller Center, and completed three forms, including a new Designation of Beneficiary form. Id. at ¶7. Plaintiff alleges that Mr. Talley left those forms with the Financial Management Office for filing, while the United States contends that Mr. Talley took the documents with him. Pl.'s Br. At 2.

On May 13, 2009, the Civilian Benefits Center ("CBC") received the Designation of Beneficiary form but noted that the form lacked the required witness signatures. United States' SUF at ¶24. Consequently, the CBC returned the forms to Mr. Talley with a notification letter, which also allegedly identified the office to which the witnessed form needed to be returned. Id. at ¶26.

2

Upon receipt of the returned form, Mr. Talley again went to the Financial Management Office and asked Navy personnel to witness the second Designation of Beneficiary form. Id. at ¶27-28. The United States contends that the office staff returned the witnessed form to Mr. Talley. Id. at ¶30. Plaintiff again alleges that Mr. Talley again left the form to be filed by the Financial Management Office. See Pl.'s Br. At 2-3. The Designation of Beneficiary form specifically stated that the insured "must sign this form. Two people must witness the signature and sign as witnesses. The Insured's agency . . . must receive the designation before the Insured's death." Id. at ¶41.

On January 30, 2010, Mr. Talley died. Id. at ¶37. Because his new Designation of Beneficiary form was not received by the CBC before his death, the only valid form in Mr. Talley's official personnel file designated his son as his sole beneficiary. See Id. at ¶38. The insurance proceeds were disbursed accordingly. Plaintiff now asserts negligence claims against both the United States and Metlife for their roles in her "being wrongfully denied and deprived of the insurance proceeds to which she was due." Compl. ¶20. She seeks damages in the amount of $235,000.00, the amount she would have received as the beneficiary of her husband's life insurance policy.

## II. LEGAL STANDARD

### 1. Motion to Dismiss

The United States moves to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A district court may treat a party's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) as either a facial or factual challenge to the court's jurisdiction. Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). "In reviewing a facial attack, the court must only consider the

allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Id. (citing PBGC v. White, 998 F.2d 1192, 1196 (3d Cir. 1993)). "In reviewing a factual attack, the court may consider evidence outside the pleadings." Id. (citing Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir. 1997)); see United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). A district court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

Although courts generally treat a pre-answer motion under Rule 12(b)(1) as a facial challenge, see Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983), a "factual challenge under Rule 12(b)(1) may be made prior to service of an answer" if the defendant contests the plaintiff's allegations. Knauss v. United States DOJ, No. 10-26-36, 2010 U.S. Dist. LEXIS 108603, at *6 (E.D. Pa. Oct. 7, 2010) (citing Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990)). When a defendant raises a factual challenge to jurisdiction, the plaintiff bears the burden of establishing jurisdiction. Gould Elecs. Inc., 220 F.3d at 176-77.

   2. *Summary Judgment*

Metlife moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate where the Court is satisfied that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine dispute as to a material

fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When the Court weighs the evidence presented by the parties, the Court is not to make credibility determinations regarding witness testimony. Sunoco, Inc. v. MX Wholesale Fuel Corp., 565 F.Supp.2d 572, 575 (D.N.J.2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

However, to defeat a motion for summary judgment, the nonmoving party must present competent evidence that would be admissible at trial. See Stelwagon Mfg. Co. v. Tarmac Roofing Sys., 63 F.3d 1267, 1275 n. 17 (3d Cir.1995). The nonmoving party "may not rest upon the mere allegations or denials of" its pleadings and must present more than just "bare assertions [or] conclusory allegations or suspicions" to establish the existence of a genuine issue of material fact. Fireman's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir.1982) (citation omitted); see Fed.R.Civ.P. 56(e). "A party's failure to make a showing that is 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' mandates the entry of summary judgment." Watson v. Eastman Kodak Co., 235 F.3d 851, 857–58 (3d Cir.2000) (quoting Celotex Corp., 477 U.S. at 322).

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the factfinder, not the district court. BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

**III. DISCUSSION**

*1. United States' Motion to Dismiss*

The United States moves for dismissal based on several jurisdictional grounds.  First, the United States argues that Plaintiff's negligence claims are not cognizable under the FTCA because Plaintiff has not satisfied the "local law" requirement.  United States' Mot. Dismiss at 11-12.  The United States also argues that it cannot be liable because any analogous claims against a private employer or administrator of a group life insurance plan would be preempted by the provisions of ERISA.  Id. at 15.  The United States finally argues that the Court lacks jurisdiction to hear Plaintiff's FTCA claims because the Federal Employees Group Life Insurance Act ("FEGLIA") preempts the FTCA claim.[1]  Id. at 18.  The United States also alternatively moves for summary judgment and argues that it did not breach any duty to Plaintiff as a matter of law.

Plaintiff mostly bypasses the United States' first jurisdictional argument and relies heavily on Metropolitan Life Insurance Co. v. Atkins, 225 F.3d 510 (5th Cir. 2000) and Devlin v. United States, 352 F.3d 525 (2d Cir. 2003), to argue that FEGLIA does not preempt her FTCA claim.  The Court need not decide the issue of preemption, however, because Plaintiff has failed to identify a "local law" under which she could assert a claim against an analogous private employer.

Under the doctrine of sovereign immunity, the United States "is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  CNA v. United States, 535 F.3d 132, 140–41 (3d Cir.2008) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  The FTCA provides a limited waiver of sovereign immunity, making the Federal Government liable to the same extent a

---

[1] The United States also includes a section in its brief arguing that Plaintiff's state law claims are preempted by FEGLIA.  Plaintiff's complaint does not appear to assert any state law negligence claim, nor does her opposition address any such claim.  Therefore, the Court will disregard this argument.

6

private person would be under state law in like circumstances. United States v. Olson, 546 U.S. 43, 46 (2005). Thus, to establish jurisdiction under the FTCA, a litigant must identify a cause of action recognized in the relevant jurisdiction under which an analogous private individual would be liable. See generally Cecile Indus., Inc. v. United States, 793 F.2d 97, 100 (3d Cir. 1986); Indian Towing Co. v. United States, 350 U.S. 61, 75 (1955). This "local law" requirement, as some courts have coined it, must be satisfied before the United States can be considered to have waived its sovereign immunity. See Olson, 546 U.S. at 44; see also Cecile, 793 F.2d at 100. Plaintiff has failed to satisfy this threshold requirement.

Plaintiff appears to premise her FTCA negligence claim on the United States' alleged violations of the provisions of FEGLIA.[2] She argues that the United States negligently mishandled her husband's Designation of Beneficiary form. In correctly arguing that this iteration of Plaintiff's claim does not comport with the FTCA's requirements, the United States makes two points that the Court will pass upon with a finer tip. First, the United States quotes Westbay Steel, Inc. v. United States, in which the United States Court of Appeals for the Ninth Circuit stated that "merely alleging negligence is insufficient to state a[n FTCA] claim." 970 F.2d 648, 650 (9th Cir. 1992); United States' Mot. Summ. J. at 11. The United States further cites case law that stands for the proposition that "the FTCA was not intended to redress breaches of federal statutory duties." United States' Mot. Summ. J. at 12.

---

[2] In her opposition, Plaintiff raises an argument not asserted in her complaint. Namely, Plaintiff argues that the United States negligently failed to inform her husband of the proper "employing office" to which he needed to send his second Designation of Beneficiary form. Defendants argue that this iteration of Plaintiff's claim would fall squarely within the misrepresentation exception of the FTCA. See 28 U.S.C. §2680(h) ("The provisions of [the FTCA] shall not apply to . . . any claim arising out of . . . misrepresentation.") The Court agrees.

To the extent that Plaintiff argues negligent misrepresentation against the United States; this claim would be barred by the FTCA, even adopting the Atkins and Devlin holdings. See Metropolitan Life v. Atkins, 225 F.3d at 512 (distinguishing plaintiff's claim from the misrepresentation because the claim involved "negligence in the performance of an operational task," not negligence in the communication (or failure to communicate) information."); Devlin, 352 F.3d at 543 (adopting the Atkins holding with respect to the misrepresentation exception).

The Court agrees that Plaintiff's claims fail to comply with the FTCA. However, this is not so because she merely alleges negligence, but rather because she has not provided the necessary private analog. The defect in Plaintiff's complaint is not in the cause of action she identifies, but rather in her failure to properly plead that cause of action. At least one other court has recognized an FTCA negligence claim under circumstances similar to those alleged in Plaintiff's complaint. See Pummill v. United States, 7:06-CV-160-F, 2008 WL 1987255 (E.D.N.C. May 7, 2008).

In Pummill, the United States District Court for the Eastern District of North Carolina addressed the FTCA claim of a widow who had been wrongfully denied the proceeds of her husband's life insurance policy after he died while serving in Iraq. Pummill, 2008 WL at *1-2. Before deployment, the plaintiff's husband updated the beneficiary form for his Servicemembers' Group Life Insurance plan. Id. at 1. Due to "an administrative oversight," the updated form was never placed in his personnel file. Id. The government moved to dismiss, implicitly arguing that North Carolina law did not recognize a negligence claim as set forth by the plaintiff. Id. at *4. The court rejected this argument and entered summary judgment in favor of the plaintiff, finding that "under North Carolina law, an intended beneficiary of a life insurance policy may bring an action for negligence against one who undertakes to process the beneficiary designation form." Id. at *7. Given this example, it is possible that Plaintiff can articulate a recognized cause of action under the relevant local law. Thus, while Plaintiff has not yet identified the requisite private analog to sustain an FTCA claim, the Court cannot hold, without the benefit of Plaintiff properly pleading her complaint, that she could never do so.

As to the United States' second point, although the FTCA was not intended to redress breaches of federal statutory duties, this does not create a bright-line rule that violation of a

8

federal statute can never form the basis of an FTCA claim.  Instead, the "negligent performance of (or failure to perform) duties embodied in federal statutes and regulations may give rise to a claim under the FTCA, but *only* if there are analogous duties under local tort law." (emphasis in original) Art Metal-U.S.A., Inc. v. United States, 753 F.2d 1151, 1157 (D.C. Cir. 1985).  Therefore, momentarily setting aside the United States' preemption arguments, Plaintiff may assert her claims based on the United States' failure to follow the provisions of FEGLIA, but *only* if she can identify an analogous duty rooted in state law.

Plaintiff has not identified an analogous local law as required by the FTCA.  Her claims against the United States will be dismissed for lack of subject matter jurisdiction accordingly.  Because Plaintiff could potentially identify a private analog, however, the Court will dismiss the claims without prejudice and give Plaintiff leave to amend within 30 days of this Opinion.  The Court declines to address the United States' preemption arguments absent a concrete formulation of Plaintiff's actual claim.[3]

### 2. *Metlife's Motion for Summary Judgment*

Though the Court will dismiss the claims against the United States without prejudice, Metlife is entitled to summary judgment on the claims against it.  Metlife offers several arguments for why the insurer is entitled to judgment as a matter of law.  The Court need not address them all because Plaintiff's own opposition reveals that there is no genuine dispute as to any material fact.  It is undisputed that Metlife disbursed the funds to Mr. Talley's son.  Metlife's Mot. Summ. J. at 16.  Metlife argues that it only received one valid Designation of Beneficiary form and that form named Mr. Talley's son as beneficiary, thus Plaintiff was not entitled to the insurance proceeds.  Id.  In opposition, Plaintiff baldly asserts that Metlife disbursed the

---

[3] The United States also moves for summary judgment.  Given that neither party has articulated a proper basis for the Court's subject matter jurisdiction, the Court will decline to address the merits of the motion at this stage.

proceeds from the policy too quickly after Mr. Talley's death, destroying the opportunity for additional investigation to uncover the rightful beneficiary. Pl. Opp'n at 4. Plaintiff offers no legal support for the argument that an insurer issuing prompt payment constitutes negligence, nor does she point to any evidence that a reasonable juror could construe as demonstrative of Metlife's negligence in this case. Plaintiff has failed to meet her burden and Metlife is entitled to judgment as a matter of law.

### III. CONCLUSION

For the foregoing reasons, the United States' motion to dismiss is GRANTED. Plaintiff's claims against the United States are DISMISSED WITHOUT PREJUDICE. Metlife's motion for summary judgment is GRANTED. An appropriate order shall issue today.

Dated: 3/28/2013                                                         /s/ Robert B. Kugler
                                                                                                                                                         ROBERT B. KUGLER
                                                                                                                                                         United States District Judge