NOT FOR PUBLICATION                                                                              (Doc. No. 47)

NOT FOR PUBLICATION                                                                              (Doc. No. 47)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| ANN MARIE TALLEY | : |
| Plaintiff, | : Civil No. 11-01180 (RBK/KMW) |
| v. | : **OPINION** |
| UNITED STATES OF AMERICA, et al. | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of the United States of America ("United States") to dismiss the amended complaint of Anne Marie Talley ("Plaintiff") for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively, for summary judgment, pursuant to Federal Rule of Civil Procedure 56. Plaintiff alleges that she was wrongfully denied the proceeds of her deceased husband's life insurance policy due to the United States' negligent handling of his Designation of Beneficiary form. The United States argues that Plaintiff's negligence claims are not cognizable under the Federal Tort Claims Act ("FTCA") because, among other reasons, Plaintiff has not identified a local law under which a private individual or entity could be held liable for the acts alleged in the complaint. Because the Court finds that Plaintiff has not identified such a local law in her amended complaint, the motion of the United States will be **GRANTED**.

I.  BACKGROUND AND PROCEDURAL HISTORY

Walter E. Talley, III began working as a civilian employee of the United States Department of the Navy on January 21, 1981. United States' Statement of Material Facts Not in Dispute ("SUMF") ¶ 1. In 1992, Mr. Talley executed a Designation of Beneficiary Form for the Federal Employees' Life Insurance ("FEGLI") Program, which designated his son, Walter E. Talley, IV, as the sole beneficiary of his life insurance policy. Id. ¶ 3. On August 26, 2005, Mr. Talley married Plaintiff. Id. ¶ 6. In 2009, he sought to change three beneficiary forms relating to his benefits and pay as a federal employee. Id. ¶ 7. On or about May 4, 2009, he completed the three forms, known as Designation of Beneficiary forms. Id. ¶¶ 8-10. On two occasions in May, 2009, Mr. Talley went to the Financial Management Office for the Norfolk Naval Shipyard Detachment, Naval Foundry and Propeller Center, in Philadelphia, Pennsylvania, and sought assistance with the forms. Id. ¶ 11. On the first occasion, he presented two of the forms that required witness signatures, and two employees of the Financial Management office signed as witnesses. The two forms sought to designate Plaintiff as the beneficiary for unpaid compensation of a deceased civilian employee, and as the beneficiary of a Civil Service Retirement System account. Id. ¶¶ 8, 9, 13, 14. Plaintiff alleges that Mr. Talley left those forms with the Financial Management Office for filing, while the United States contends that Mr. Talley took the documents with him. Id. ¶ 15; Pl. Opp'n at 2. Those two forms were required to be filed with Mr. Talley's "employing agency" prior to his death in order to be valid. SUMF, ¶ 17. Each was received in May, 2009, by the Civilian Benefits Center ("CBC") in Philadelphia, Pennsylvania, and certified as valid. Id. ¶¶ 20, 23. Plaintiff was paid benefits as a result of the filing of these two forms, and neither of these are in dispute.

The form that is at issue in this matter is the Designation of Beneficiary for Mr. Talley's life insurance policy provided through FEGLI. This Designation of Beneficiary form is known as form SF 2823 ("SF 2823"). Id. ¶ 10. On May 13, 2009, the CBC received the SF 2823, but noted that it lacked the required witness signatures, and therefore it returned the form to Mr. Talley. Id. ¶ 26.

Upon receipt of the returned form, Mr. Talley completed a second SF 2823 form, and again went to the Financial Management Office and asked Navy personnel to witness his signature on the second SF 2823 form. Id. ¶¶ 27-28. The United States contends that two employees signed as witnesses, and they then returned the witnessed form to Mr. Talley, who took it with him. Id. ¶¶ 29-30. Plaintiff again alleges that Mr. Talley left the form to be forwarded by the Financial Management Office to CBC. See Pl. Opp'n at 2-3. The SF 2823 specifically stated that the insured "must sign this form. Two people must witness the signature and sign as witnesses. The Insured's agency . . . must receive the designation before the Insured's death." Id. ¶ 41. The United States indicates that the CBC was Mr. Talley's "employing agency," while Plaintiff denies that the CBC was the sole employing agency. Id. ¶32; Pl. Response to SUMF ¶ 32.

On January 30, 2010, Mr. Talley died. SUMF ¶ 37. Because the new SF 2823 form was not received by the CBC before his death, the only form in Mr. Talley's official personnel file considered valid by the United States was the one from 1992 that designated his son as his sole beneficiary. See id. ¶ 38. The insurance proceeds were disbursed accordingly.

On March 2, 2011, Plaintiff filed her complaint, naming both the United States and Metropolitan Life Insurance Company ("Metlife") as defendants for their roles in her "being wrongfully denied and deprived of the insurance proceeds to which she was due." Compl. ¶20.

3

She sought damages in the amount of $235,000.00, the amount she would have received as the beneficiary of her husband's life insurance policy. On March 28, 2013, this Court granted Metlife's motion for summary judgment, finding that Plaintiff's claim that Metlife had paid the policy benefits too quickly to the beneficiary, Walter Talley IV, lacked merit and did not support a finding of negligence as a matter of law. On the same date, the Court granted the motion of the United States to dismiss the complaint on jurisdictional grounds. The Court found that Plaintiff did not identify an analogous local law under which she could recover, as required by the FTCA. However, the Court dismissed the claim without prejudice and gave Plaintiff leave to amend her complaint within 30 days of the issuance of the Order dismissing the case. See ECF Doc. No. 39.

On April 24, 2013, Plaintiff filed an amended complaint. The United States answered the amended complaint on May 7, 2013, and now moves to dismiss the amended complaint on jurisdictional grounds, reiterating many of the arguments set forth in its previous motion. The United States argues that no jurisdiction exists because Plaintiff has not identified an analogous cause of action under local law, and because no such case of action would exist against a private employer due to ERISA preemption. It also argues that the Federal Employees' Group Life Insurance Act of 1954 ("FEGLIA") provides the exclusive remedy for claims founded upon FEGLIA, that FEGLIA preempts state law negligence claims, and that Congress has not waived the sovereign immunity of the United States for the type of action brought by Plaintiff. The United States also moves for summary judgment, arguing that the United States did not breach any duty owed to Plaintiff.

## II.     LEGAL STANDARD

1.     Motion to Dismiss

The United States moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction may be brought at any time and may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); see also Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Id. (citing PBGC v. White, 998 F.2d 1192, 1196 (3d Cir. 1993)). "In reviewing a factual attack, the court may consider evidence outside the pleadings." Id. (citing Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir. 1997)); see United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). A district court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. If a court lacks subject matter jurisdiction, it must dismiss the case without prejudice. In re Orthopedic "Bone Screw" Prods. Liab. Litig., 132 F.3d 152, 155-56 (3d Cir. 1997).

2. Summary Judgment

The United States also moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate where the Court is satisfied that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine dispute

as to a material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, the Court is not to make credibility determinations regarding witness testimony. Sunoco, Inc. v. MX Wholesale Fuel Corp., 565 F. Supp. 2d 572, 575 (D.N.J.2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

However, to defeat a motion for summary judgment, the nonmoving party must present competent evidence that would be admissible at trial. See Stelwagon Mfg. Co. v. Tarmac Roofing Sys., 63 F.3d 1267, 1275 n. 17 (3d Cir.1995). The nonmoving party "may not rest upon the mere allegations or denials of" its pleadings and must present more than just "bare assertions [or] conclusory allegations or suspicions" to establish the existence of a genuine issue of material fact. Fireman's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir.1982) (citation omitted); see Fed. R. Civ. P. 56(e). "A party's failure to make a showing that is 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' mandates the entry of summary judgment." Watson v. Eastman Kodak Co., 235 F.3d 851, 857–58 (3d Cir.2000) (quoting Celotex Corp., 477 U.S. at 322).

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the fact finder, not the district court. BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

**III. DISCUSSION**

Under the doctrine of sovereign immunity, the United States "is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." CNA v. United States, 535 F.3d 132, 140–41 (3d Cir. 2008) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  The FTCA provides a limited waiver of sovereign immunity, making the Federal Government liable to the same extent that "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); see also United States v. Olson, 546 U.S. 43, 46 (2005).  Thus, to establish jurisdiction under the FTCA, a litigant must identify a cause of action recognized in the relevant jurisdiction under which an analogous private individual would be liable.  See Cecile Indus., Inc. v. United States, 793 F.2d 97, 100 (3d Cir. 1986); Indian Towing Co. v. United States, 350 U.S. 61, 75 (1955).  This "local law" requirement, as some courts have coined it, must be satisfied before the United States can be considered to have waived its sovereign immunity.  See Olson, 546 U.S. at 44; see also Cecile, 793 F.2d at 100.  If a litigant fails to do so, a district court lacks subject matter jurisdiction.  See Wake v. United States, 89 F.3d 53, 57 (2d Cir. 1996) ("[s]overeign immunity is jurisdictional in nature."); United States v. Spelar, 338 U.S. 217, 218 n.3 (1949) ("Local law must be pleaded since the Federal Tort Claims Act permits suit, only where the United States, if a private person, would be liable . . . in accordance with the law of the place where the act or omission occurred.").  Plaintiff has failed to satisfy this threshold requirement.

Because the United States' jurisdictional challenge is a facial one, the Court must limit its review to Plaintiff's operative pleading.  In Plaintiff's amended complaint, she alleges:

> Employees of the Personnel Office servicing the NFPC owed a duty of care to insureds under the FEGLI program to render accurate advice concerning the method necessary to amend a civilian employee's designation of beneficiary for

> life insurance. . . . The duties of care owed by United States' employees extended to intended beneficiaries, as it was reasonably foreseeable that a breach of said duties would result in harm to such individuals. Under New Jersey law, such a duty is imposed upon an individual and/or entity who is responsible for procuring and amending insurance coverage.

Am. Compl. ¶¶ 21, 23. Plaintiff seeks to recover under theories of negligence and breach of fiduciary duty. However, Plaintiff does not allege that any negligent act or omission took place in New Jersey. Rather, she alleges that the acts of negligence took place at the Personnel Office of the Naval Foundry and Propeller Center ("NFPC"), which is located in Philadelphia, Pennsylvania. Id. ¶¶ 3, 15, 16.

The United States argues, as it did previously, that Plaintiff's claims must be dismissed because Plaintiff has not pleaded that under Pennsylvania law, Plaintiff would be entitled to a tort recovery. Plaintiff acknowledges that she has not cited any Pennsylvania law in the amended complaint, nor has she generally pleaded that she would have a cause of action against a private defendant under Pennsylvania law. Pl. Opp'n at 6. In her opposition brief, she requests the opportunity to add a reference to Pennsylvania law to the allegations. Id. However, a complaint cannot be amended through the brief of a party in opposition to a motion to dismiss. See Pennsylvania ex. rel Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quotations omitted). Plaintiff also argues that because the "place of injury" in this case is New Jersey, that her citation to New Jersey law is sufficient to withstand a motion to dismiss. Pl. Opp'n at 8. Her argument is that because under Pennsylvania's choice-of-law principles, New Jersey's substantive law should apply, her reference to New Jersey law in her pleading satisfies the requirement as to "local law."

8

It is not necessary to determine whether Plaintiff is correct about the choice-of-law issue. An element of her FTCA claim is that a private person would be liable under the law of the jurisdiction where the act or omission took place. See Speler, 338 U.S. at 217 n.3. Plaintiff does not, and cannot, argue that the jurisdiction where the alleged act or omission took place was anywhere other than Pennsylvania. Plaintiff does not plead in her complaint that a private person would be liable under Pennsylvania law, whether that results from application of Pennsylvania's substantive law, or its choice-of-law principles. To allow Plaintiff to make an argument that liability would exist by virtue of selection of New Jersey substantive law through Pennsylvania choice-of-law principles would be tantamount to allowing Plaintiff to amend her complaint through her motion briefs, which is impermissible.[1]

While the Court recognizes that deciding the motion on this basis may appear to be exaltation of form over substance, it also recognizes that jurisdiction may only be conferred by the Constitution and by statute. Because the Court determines that it lacks subject matter jurisdiction, it has no authority or discretion to enter rulings on the merits. In re Orthopedic "Bone Screw" Prods., 132 F.3d at 155; see also CNA, 535 F.3d at 144 ("where jurisdiction is intertwined with the merits of an FTCA claim . . . a district court must take care not to reach the merits of a case when deciding a 12(b)(1) motion."). Federal courts have long recognized that "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to

---

[1] The Court observes that Plaintiff did not respond in her brief to the argument of the United States that no analogous private employer could be held liable under the same circumstances because, if the defendant were a private employer, a suit under state tort law would be preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Although the Court does not decide this issue at this time, the Court observes that courts in other circuits have dismissed complaints under similar circumstances. The Court therefore requests that Plaintiff brief this issue should she seek leave to file another amended complaint and this issue is raised before this Court on another occasion. See Clark v. United States, Civ. No. 07-805, 2007 WL 2358630 (N.D. Cal. Aug 17, 2007), aff'd, 321 F. App'x 672 (9th Cir. 2009).

9

declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869).  The Court therefore does not reach the other arguments of the United States in deciding this motion.

### IV.    CONCLUSION

For the foregoing reasons, the United States' motion to dismiss will be **GRANTED**. Plaintiff's claims against the United States will be **DISMISSED WITHOUT PREJUDICE**.  An appropriate order shall issue today.


Dated:  01/24/2014                                               /s/ Robert B. Kugler
                                                                               ROBERT B. KUGLER
                                                                               United States District Judge